UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

John Schrimpf,
    Petitioner,

v.

Department of Justice,
Bureau of Prisons,

Harley Lappen, et al,
Director,

David L. Winn, et al,
Warden,
    Respondent(s).

**04-40108**

Civil N°.:

PETITION FOR WRIT OF HABEAS CORPUS
UNDER TITLE 28 U.S.C. §2241

    Now comes Petitioner, John Schrimf, #23582-038, acting Pro Se, in the above captioned case and action humbly filing this 28 U.S.C. §2241 Motion before this Honorable Court.

    Petitioner is a federal inmate at F.M.C. Devens, located in Ayer, Massachusetts, addressed as P.O. Box 879, Ayer, MA. 01432-0879, serving a 37 month sentence on violation of 21 U.S.C. §841, §846 and 18 U.S.C. §2, which are drug related crimes.

    Petitioner's statutory release date is February 25, 2005, and his 10% date is November 21, 2004, under Bureau of Prisons good conduct time calculation of 150 days GCT credit.

    Petitioner received a 37 month sentence with 3 years supervised release on September 10, 2002, and is due to be release for halfway

house in November of 2004, and with GCT credit would be released to halfway house sooner.

Petitioner is requesting the GCT allowed that is also set by statute 18 U.S.C. §3624(b), a federal prisoner may earn up to 54 days of good conduct time (GCT) for every year of his "Term of Imprisonment." The Bureau of Prisons calculate GCT on the basis of the sentence served rather than on the time actually served.

Whereas, the Petitioner was sentenced to a term or imprisonment of 23 months his calculation should have been 54 days x 3 = 162 the BOP has calculated the Petitioner's GCT time served at 150 days, shorting the Petitioner GCT of 12 days causing the Petitioner to serve an extra 12 days in prison.

Petitioner is requesting full good conduct credit for the time imposed by the United States District Court for the District of Massachusetts on September 10, 2002.

The Petitioner has been sentenced to to serve 37 months imprisonment to be served in the custody of the Bureau of Prisons for the Department of Justice a sentence of 3 years and 1 month in which the Petitioner should receive good conduct credit for the term of imprisonment.

Petitioner is entitled to earn 54 days GCT for each full year "served" on a sentence in excess of one year, with the GCT being prorated for the last partial year.

Petitioner has been sentence to 37 months and by calculating the GCT credit by 54 days the Petitioner is entitled to at least

-2-

162 days GCT credit for a 37 month sentence.

Petitioner is being given less then his actual due GCT credit by the BOP causing the Petitioner to serve a longer sentence in the custody of the BOP.

Most importantly, seizing on the reference in the statute ("18 U.S.C. §3624") to 54 days, the Petitioner argues that of good conduct time to which he is <u>entitled</u> to should be determined by simply multipling 54 by 3 for a total of 162 days. The Petitioner's argument makes sense on its face, he is subject to thirty-seven months imprisonment: he should receive a credit of fifty-four days for each year of the term.

In fact, Circuit Courts in the various districts has already addressed this very issue and determined the phrase outlined in title 18 U.S.C. §3624, "term of imprisonment" as being ambiguous, it could be construed reasonably to mean the term sentence or the amount of time served. <u>See</u>: <u>Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001), also <u>White v. Scibana</u>, 03-C-581-C(7th Cir. 2004).

The Petitioner argues that §3624(b) is in fact, "term of imprisonment" means "sentence imposed." Therefore, the BOP must calculate an inmate's GCT on the basis of his sentence rather than on the time he has served.

The Petitioner request that the GCT be credit to him that has been taken or not added and that his full credit be allowed.

Under this scheme, at the end of each year, the BOP determines whether the prisoner has been naughty or nice. If the latter, it may awarded him credit for an extra fifty-four days towards the remainder of his sentence.

Petitioner also argues the determination of CCC placement whereas, the Petitioner is only being offered (3)months halfway house and should be given six(6) months under the BOP policy that was in effect at the time of the Petitioner's sentence.

Petitioner was sentenced on September 10, 2002, this was before December 13, 2002, when the BOP came up with this new opinion or order allowing inmates to receive 10% of their halfway house or CCC allowing him to be governed under the old rule of six(6) months halfway house or CCC placement.

The BOP policy constituted a legislative rule for the purpose of the Administrative Procedure Act("APA"). 5 U.S.C. 551, the BOP failed to provide public notice and an opportunity for comment as required by §553 of the APA rendered the policy invalid in which they still are using.

A week following the issuance of the OLC Opinion, the BOP released a memorandum addressed to Chief Executive Officers announcing that effective immediately and as a result of a recent legal opinion issued by the OLC, which analyzes the BOP statutory authority to designate inmates to CCC as more limited than they have previously practiced, pre-release programming CCC designations are limit in duration to the 10% of the prison sentence, not to exceed six(6) months.

This policy was after the Petitioner was sentenced by the United States District Court for the District of Massachusetts and would not apply to the Petitioner.

When the Petitioner entered federal custody, the BOP usual practice was to consider prisoners for placement in CCC for as

much as the six(6) months of their sentence, even if this occurred before the prisoner's 10% date the current practice of the BOP is unlawful preventing the Petitioner from receiving his proper halfway house placement based on the opinion of the OLC limiting prisoners to the last 10% of the prison sentence, not to exceed six months.

The BOP and the OLC opinion's declaring the statutory interpretation are erroneous and for the OLC to direct the BOP not to rely upon it in determining the Petitioner's CCC placement the Petitioner request the Honorable Court to grant relief.

There has been many District Court decisions based on this very subject, but the BOP and the Warden of this institution has ignored the ruling by the courts and refused to give any relief through the administrative remedy process in which would be futile causing this Petitioner to seek relief through the courts and file pursuant to 28 U.S.C. §2241.

The OLC misinterprets §3621(b) and §3624(c), and that these misinterpretations justify this court's intervening to direct the BOP to disregard the "unlawful" OLC opinion in designating the Petitioner for proper CCC placement.

It is well settled that courts should accord "substantial deference" to an agency's reasonable interpretation of a statute Congress has charged it with administering.

Petitioner argues that the statute 18 U.S.C. §3621(b), provides a broad grant of discretion to the BOP to initially "designate" or subsequently "transfer" a prisoner to any available "penal or

correctional facility," and whereas, a CCC is unquestionably a "correctional facility," it follows that BOP in fact has the statutory authority to exercise its discretion to transfer Petitioner to a CCC for the remainder of his sentence.

If Congress intended to exclude a specific type of correctional facility from the BOP designation authority, it could easily have done so. Instead, it employed an explicitly broad grant of general authority to designate "any" such facility.

A broad view of BOP general authority to designate a CCC under §3621(b), also finds support in Reno v. Koray, supra. In Koray, the Supreme Court held that in calculating service of a "term of imprisonment" under 18 U.S.C. §3585, it is proper to include all time that a prisoner is detained in a CCC in the custody of the BOP. In reaching its decision, the Court noted that under §3621(b), the BOP "may designate any available penal or correctional facility" (emphasis in original), and clearly considered a CCC to be such a facility. Koray, 515 U.S. at 58.

The Koray, Court insisted that the relevant criterion for determining whether a court-imposed period of detention in a correctional facility should count toward a defendant's "term of imprisonment" is not the type or oppressiveness of the confinement, but rather whether the defendant is in BOP custody. Id. at 63-64("[T]he identity of the custodian has both legal and practical significance.... 'Detained' defendants are subject to BOP disciplinary procedures; they are subject to summary reassignment to any other penal or correctional facility within the system.").

The rule of lenity does not prevent an agency from resolving statutory ambiguity through a valid regulation; in such a case, the regulation gives the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties. Rule of lenity ensures that the penal laws will be sufficiently clear, so that individuals do not accidentally run afoul of them and courts do not impose prohibitions greater than legislature intended.

## CONCLUSION

For all the reasons herein the Petitioner humbly and respectfully request that this Honorable Court to grant the Petitioner's motion and by order to the Respondent(s) to calculate the Petitioner's GCT credit properly basis on the sentence imposed and not on the time served. See: Administrative response Exhibit A.

Respectfully submitted on this 3rd day of June, 2004.

John Schrimpf #23582-038
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432-0879

Petitioner / Pro Se

Exhibit A.

Per Program Statement 5880.28, Goof Conduct Time (GCT) is controlled by 18 U.S.C. 3624(b) - it states:

A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment..........

For computation purposes, it is necessary to remember the following about subsection 3624(b):

> 54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year.

Your good conduct time is calculated for each year actually served, not the total term in effect. You must be in custody to receive good conduct time.

If the above answer is not satisfactory to your request, you may begin the Administrative Remedy process.

A current good time data sheet is attached - you are earning 54 days per year.