UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN SCHRIMPF, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No. 04cv40108NG |
| v. ) | |
| ) | |
| DEPARTMENT OF JUSTICE, BUREAU ) | |
| OF PRISONS, HARLEY LAPPEN, ) | |
| DIRECTOR, DAVID L. WINN, WARDEN ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OF RESPONDENTS
IN SUPPORT OF MOTION TO DISMISS**

The petitioner John Schrimpf, an inmate at Federal Medical Center, Devens, seeks habeas relief under 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has calculated incorrectly credit against his sentence for good conduct time ("GCT"), and his placement date in a community corrections center ("CCC"). While the First Circuit Court of Appeals recently has resolved the issue regarding the BOP's change to its CCC policy,[1] the

---

[1] Petitioner argues that he is entitled to 6 months in a halfway house under the BOP's policy in effect at the time of his sentence, as opposed to 3 months under the BOP's new policy. Respondents concede that Petitioner is entitled to relief on this issue in light of the First Circuit Court of Appeals's recent decision in Goldings v. Ashcroft. In Goldings, the Court of Appeals concluded that the BOP's new policy of limiting CCC placement to the lesser of the last six months or ten percent of the terms of imprisonment is based on an incorrect interpretation of 18 U.S.C. § 3621(b). Goldings v. Ashcroft, No. 03-2633, 2004 U.S. App. LEXIS 19012, at *31-32 (1st Cir. Sept. 3, 2004). The Court held that "[u]nder § 3621(b), the BOP has discretionary authority to designate any available penal or correctional facility that meets minimum standards of health and habitability as the place of a prisoner's imprisonment, and to transfer a prisoner at any time to such a facility. A community correction center is a correctional facility and therefore may serve as a prisoner's place of imprisonment." Id. at *31. Therefore, the Respondents will proceed to consider Petitioner for CCC placement under the pre-2002 BOP practice and without regard to the December 2002 change in policy at issue in Goldings. The Petitioner is not, however, entitled to any specific period of CCC placement; rather, he is entitled only to be

Petition, with regard to the BOP's GCT policy, fails to state a claim upon which relief can be granted.[2] The Court must therefore dismiss the Petition as it pertains to Petitioner's challenge of his GCT calculation.

## STATEMENT OF FACTS[3]

On September 10, 2002, the United States District Court for the District of Massachusetts sentenced the Petitioner to serve 37 months imprisonment with a three year term of supervised release for Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2. See Declaration of Stephanie Scannell ("Scannell Decl."), Attachment "b," attached hereto as Exhibit 1.

Pursuant to the BOP's established practice concerning the calculation of GCT credits, the BOP has determined that Petitioner will be entitled to 145 days of GCT credited against his sentence, assuming good behavior, such that his projected release date is February 26, 2005. See Scannell Decl., Attachment "c," Sentence Monitoring Computation Data.[4] The Petitioner contends that the BOP has incorrectly determined his GCT credits and that a correct calculation should yield at least 162 days of credit. To date, the Petitioner has not filed any administrative remedies at any level regarding the issues of GCT calculation. Scannell Decl., Attachment "f,"

---

considered for placement in accordance with the discretionary authority granted the BOP by § 3621(b).

[2]This issue concerning the legitimacy of the BOP's method of calculating GCT presently is pending before the First Circuit Court of Appeals in Sloane v. Winn, No. 04-2155.

[3] In accordance with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

[4]Petitioner received prior jail credit of 80 days for the time period spent in custody from February 12, 2001 through March 14, 2001. See Scannell Decl., Attachment "c." In the event that all of his remaining GCT is disallowed, Petitioner's full term expiration date is July 21, 2005. Id.

Administrative Remedy Generalized Retrieval data.

## ARGUMENT

**I.   THE BUREAU OF PRISONS' CALCULATION OF PETITIONER'S GOOD CONDUCT TIME IS CORRECT PURSUANT TO 18 U.S.C. § 3624(b)**

Petitioner asserts that the BOP incorrectly calculates his GCT by substituting "years served" for "term of imprisonment" in 18 U.S.C. § 3624(b)(1). Petitioner alleges that, under the statute, he is entitled to at least 162 days of GCT, whereas, under the BOP's interpretation of the statute, he gets 145 days. Petitioner's assertion is incorrect.

   A.   <u>Background: The Governing Statute; the BOP Regulation; and Program Statement 5880.28</u>

For offenses committed after November 26, 1996, the BOP determines GCT credits pursuant to the Sentencing Reform Act, 18 U.S.C. § 3624(b) (the "Statute"). The Statute provides in relevant part:

> (b) Credit toward service of sentence for satisfactory behavior.
>
> > (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

<u>Id</u>. To implement the statutory directive, the BOP has issued appropriate regulations. Specifically, 28 C.F.R. § 523.20 provides:

> (a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
>
> > (1) 54 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has

>earned or is making satisfactory progress toward earning a [General Educational Development ("GED")] credential or high school diploma; or
>
>(2) 42 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

28 C.F.R. § 523.20. (emphasis added).

The application of the Statute and BOP regulation is explained in a BOP internal guideline, Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u> ("PS 5880.28") (relevant portions are attached as Attachment "e" to the Scannell Decl.)  Consistent with the Statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by the model prisoner shall be prorated to 0.148 days of credit for every actual day served during good behavior (54/365 = 0.148).  <u>Id</u>.

Thus, in accord with the statutory directive that GCT credit in the last year shall be prorated, the implementing regulations and the Program Statement adjust for the fact that each additional day of accrued GCT credit results in one day less of time served.  Consequently, the days of credit and days of time served are adjusted to reflect that fact that an inmate granted GCT credit does not actually serve the entire "term of imprisonment."

B.   The Petitioner's Argument

The Petitioner argues that the BOP must calculate his GCT credit based on the sentence imposed--in the Petitioner's case, 37 months--not on the time he actually serves.  Thus, under the Petitioner's interpretation of the Statute, the BOP should compute his GCT credit as being the length of his sentence (in years) multiplied by 54 days, for at least a total of 162 days.  Under his theory, he would get 54 days GCT for each of the three years of his sentence, even though he

will not have served out the entire third year of his sentence.

      C.     <u>The Petitioner's Interpretation Is Inconsistent With The Statute And Common Sense</u>

The Petitioner's theory conflicts with the plain language of the Statute as a whole and its requirements that the BOP give GCT credit "at the end of each year of the prisoner's term of imprisonment" subject to a finding of "exemplary compliance with institutional disciplinary regulations," and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated. . . ." 18 U.S.C. § 3624(b)(1). The plain language of the Statute supports the BOP's position.

The Statute clearly sets forth the yearly occasion for the determination of each year's GCT credit: "at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b)(1). At that time, the BOP is to examine the prisoner's record of conduct over the year past and decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). If Congress, as the Petitioner asserts, intended "term of imprisonment" to mean "term of the sentence," it would be impossible for the BOP to give GCT credit to the petitioner "at the end of each year of [his] term of imprisonment," since the petitioner, under his theory, would no longer be under BOP custody during his last year. Thus, the Statute operates on a yearly, ongoing basis, as time is served, until the sentence is satisfied. It logically follows that if a prisoner cannot receive 54 days of GCT until after each year of the term is complete, then a prisoner cannot receive any GCT for time not actually served.

Furthermore, to award credit for "good conduct," the BOP must, indisputably, examine an inmate's conduct over a period of imprisonment to decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). As

a matter of common sense, an inmate cannot establish "exemplary compliance with institutional disciplinary regulations" for time that was not served. Thus, the Petitioner's interpretation impermissibly renders superfluous the requirement that the BOP evaluate whether there actually has been good behavior over the period for which credit is sought. See Duncan v. Walker, 533 U.S. 167, 174 (2001) (a provision of a statute should not be interpreted in a manner that renders another provision of the same statute superfluous); Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998) (same). If GCT credit were awarded based on the length of sentence, as Petitioner urges, inmates would, nonsensically, be awarded GCT credit for periods in which there has been no showing of compliance with disciplinary regulations, *i.e.*, time for which there has been no good conduct. See also, Pacheco-Camacho v. Hood, 272 F.3d 1266, 1269 (9th Cir. 2001) ("Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year."), cert. denied, 535 U.S. 1105 (2002); Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069, at *1 (6th Cir. Sept. 19, 2001)[5] ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate.").[6]

The Statute also provides that "[c]redit that has not been earned may not later be granted." Thus, the language clearly indicates that prisoners must earn GCT credit. Petitioner's interpretation runs afoul of the plain language of the Statute. If the BOP awarded GCT credit based on length of sentence, as Petitioner urges, prisoners would receive credit for time not

---

[5] Sixth Circuit Rule 28(g) permits citation to unpublished opinions where there is no published opinion on point.

[6] Contra, White v. Scibana, 314 F. Supp.2d 834 (W.D. Wisc. 2003) (adopting the Petitioner's method of calculation). The Respondent submits that the White decision is not well reasoned and should not be followed. See Graves v. Bledsoe, C.A. 7:04cv00476, 2004 WL 1941231, at *1 (W.D. Va. Aug. 19, 2004) (criticizing White v. Scibana).

actually spent in prison, in other words, prisoners would receive GCT credit that they never actually earned.

      D.      If The Court Deems The Statute Ambiguous, The Court Must Give The BOP's Interpretation Of The Statute Substantial Deference.

The statutory language is plain and unequivocal. However, if the Court determines that the Statute is ambiguous, the BOP's interpretation of the Statute is entitled to substantial deference. The Statute is set forth in a duly promulgated regulation, and consequently the BOP is entitled to full deference under Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). See Pacheco-Camacho, 272 F.3d at 1270. Under Chevron, the Court must uphold the BOP's regulation if it is "based on a permissible construction of the statute." 467 U.S. at 843. The discussion above demonstrates that the BOP's interpretation meets this standard.

      E.      The Argument Proffered By The Petitioner Has Been Rejected Soundly By The Circuit Courts.

The only two circuit courts to have considered the issue raised here have upheld the BOP's position. In Pacheco-Camacho the Ninth Circuit rejected the same argument made by the Petitioner here. The court noted that the petitioner's argument in that case would "confer upon the prisoner a bonus during his last year of imprisonment." 272 F.3d at 1269. After examining the statutory language, the court concluded, "Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year." Id. The court further concluded that the BOP's implementing regulation was entitled to Chevron deference and that it reflected a permissible interpretation of the statute. Id. at 1270-1271.[7]

---

[7] The Pacheco-Camacho court rejected a claim that the rule of lenity compelled Petitioner's interpretation. The rule of lenity resolves ambiguities in a criminal defendant's favor; however, it does not apply when, as in this instance, the question has been addressed by a

The Court of Appeals for the Sixth Circuit, in two unpublished opinions, has also upheld the BOP's approach to determining GCT credits.  See Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); Williams, 2001 WL 1136069, at *1.[8]

The Petitioner relies on one case to the contrary, White v. Scibana, 2003 WL 23171593 (W.D. Wis. 2003).  The Respondent submits that the White opinion is not well reasoned.  The court in White gives no consideration to the statutory language that credit be established "at the end of each year of the prisoner's term of imprisonment," and offers no analysis of how, under the Petitioner's theory, "credit for the last year or portion of a year . . . shall be prorated . . . ."  The court in White also fails to acknowledge the statutory command that "credit that has not been earned may not later be granted."  Accordingly, White should not be followed.  See Graves, 2004 WL 1941231, at *1 (stating White decision is based on "dubious logic").  The BOP's calculation of Petitioner's GCT credit is correct, and the Petitioner's position without merit.

## CONCLUSION

For the above reasons, the Petition of John Schrimpf for habeas corpus should be dismissed.

---

regulation validly adopted through the rulemaking process.  272 F.3d at 1271-72.

[8] Pursuant to Sixth Circuit Rule 28(g), copies of these opinions are attached as Exhibits 2 and 3.  Several district court decisions, including one Massachusetts court; Richardson v. DOJ, Case No. 4:04cv40099, Harrington, J., Order dated August 24, 2004 (D. Mass); are also in accord.  Brown v. Rios, Case No. 04-D-1560, Daniels, J., Order of Dismissal dated September 30, 2004 (D. Colo.); Muratella v. Velti, Case No. 04-456, Steihl, J., Memorandum and Order dated September 2, 2004 (S.D. Ill.); Graves, 2004 WL 1941231, at *1; Pascuiti v. Drew, 2004 U.S. Dist. LEXIS 10352, at *18 (N.D.N.Y. June 2, 2004); Martinez v. Wendt, 2003 WL 22456808 (N.D. Tex. 2003); Webb v. Deboo, et al., Case No. 3:03CV961, Dorsey, J., Ruling and Order dated Sept. 22, 2003 (D. Ct.); De Gerolamo v. White, Case No. 03CV139, Wolfson, F., Opinion Dated May 20, 2003 (D. N.J.); see also Montalvo v. United States, 174 F. Supp. 2d 10, 14 (S.D.N.Y. 2001).

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney


      By:  /s/ Damian W. Wilmot
          DAMIAN W. WILMOT
          Assistant U.S. Attorney
          John Joseph Moakley U. S. Courthouse
          One Courthouse Way, Suite 9200
          Boston, Massachusetts 02210
          (617) 748-3100

Dated: October 13, 2004

## CERTIFICATION UNDER L.R. 7.1

  Because Petitioner is a pro se prisoner currently incarcerated in a federal correctional facility, counsel for the United States respectfully requests leave to file this Motion without a 7.1 conference.

          /s/ Damian W. Wilmot
          DAMIAN W. WILMOT
          Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document, together with the accompanying Exhibits 1 through 3, were served upon Petitioner John Schrimpf, #23582-038, FMC Devens, P.O. Box 879, Ayer, MA 01432 by first class, postage prepaid mail on October 13, 2004.

          /s/ Damian W. Wilmot
          DAMIAN W. WILMOT
          Assistant U.S. Attorney